UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW KING,<br><br>    Plaintiff,<br><br>    v.<br><br>GRAPHIC PACKAGING<br>   INTERNATIONAL, LLC,<br>ROBERTO VENTURA, and<br>DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 8:24-cv-01391-JWH-PD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 16]** |

Before the Court is the motion of Plaintiff Matthew King to remand this action to Orange County Superior Court.[1] Defendants Graphic Packaging International, LLC ("GPI") and Roberto Ventura oppose the Motion,[2] and the matter is fully briefed.[3] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons detailed herein, the Court **DENIES** the Motion.

## I.  BACKGROUND

King originally filed this action in Orange County Superior Court in May 2024.[4] King asserts the following 12 state and common law claims for relief:

- age and disability related discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 *et seq.*, against GPI;
- age and disability related harassment in violation of FEHA against GPI;
- failure to prevent harassment in violation of FEHA against GPI;
- retaliation in violation of FEHA against GPI;
- failure to provide a reasonable accommodation in violation of FEHA against GPI;
- failure to engage in the interactive process in violation of FEHA against GPI;
- retaliation in violation of the California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2, against GPI;
- violation of Cal. Labor Code § 1102.5 against GPI;

---

[1]  Pl.'s Mot. to Remand (the "Motion") [ECF No. 16].
[2]  Defs.' Opp'n to Motion (the "Opposition") [ECF No. 18].
[3]  Pl.'s Reply in Supp. of Motion (the "Reply") [ECF No. 19].
[4]  *See* Notice of Removal (the "Notice of Removal") [ECF No. 1] ¶ 1; *see also id.*, Ex. B (the "Complaint") [ECF No. 1-1].

- violation of Cal. Labor Code § 232.5 against GPI;
- violation of Cal. Labor Code §§ 6310 & 6311 against GPI;
- wrongful termination in violation of public policy against GPI; and
- intentional infliction of emotional distress against both GPI and Ventura.[5]

Although all of King's claims for relief are based upon state law, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441 & 1446, asserting federal question jurisdiction because—Defendants allege—King's claims require the interpretation of a collective bargaining agreement, so they are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "LMRA"). King disagrees, and he filed this Motion accordingly.[6]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original

---

[5] *See generally* Complaint.
[6] *See generally* Motion.

-3-

subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. Accordingly, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

"The party asserting federal subject matter jurisdiction bears the burden of burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). "The Ninth Circuit 'strictly construe[s] the removal statute against removal jurisdiction,' and '[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1060 (C.D. Cal. 2014) (citation omitted). In other words, any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. ANALYSIS

The parties agree that *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007), sets the standard for removal pursuant to LMRA preemption. The *Burnside* court held as follows:

> [F]irst, [the Court must conduct] an inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement]. If

-4-

the right exists solely as a result of the [collective bargaining agreement], then the claim is preempted, and our analysis ends there. If, however, the right exists independently of the [collective bargaining agreement], we must still consider whether it is nevertheless "substantially dependent on analysis of a collective-bargaining agreement." If such dependence exists, then the claim is preempted by section 301 [of the LMRA]; if not, then the claim can proceed under state law.

*Id.* at 1059–60 (quoting *Caterpillar*, 482 U.S. at 394) (internal citations omitted).

In his Complaint, King alleges: "In late February, [King] was informed by [name] that he was going to be demoted from First Press Operator to Second Press Operator with a reduction in pay from $36.66/hr. to $32.51/hr. ***The demotion violated Teamsters Handbook Section 14.2, 16, and 16.2.2***."[7] The notion that King's demotion was wrongful—as must be determined pursuant to the collective bargaining agreement—underlies many of King's claims for relief.[8]

The Court also notes that King's Complaint directly implicates non-LMRA federal questions that Defendants did not address. For example, King alleges as follows:

> [d]uring the course of [his] employment, [King] disclosed information regarding conduct and/or actions by Defendants' employees/supervisors that [King] reasonably believed constitute[ed] a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation . . . [including, with respect to federal law,] . . . Title VII of the [federal]

---

[7]  Complaint ¶ 33 (emphasis added).
[8]  *See, e.g.*, *id.* at ¶¶ 53, 118, & 126.

-5-

Civil Rights Act; . . . the Family Medical Leave Act; the Fair Labors Standards Act; [and the Health Insurance Portability and Accountability Act].[9]

King also reports that he filed a complaint about Defendants' allegedly unlawful conduct, including under the above-listed federal laws, with agencies including the National Labor Relations Board.[10] Further, King avers that Defendants terminated him because he "refused to participate in an activity *that would have resulted in a violation of state or federal [law]*."[11] And, in his eleventh claim for relief, King asserts that his termination was effected in violation of public policy because Defendants violated various state and federal laws including "Title VII of the [federal] Civil Rights Act; . . . the Family Medical Leave Act; the Fair Labors Standards Act; [and the Health Insurance Portability and Accountability Act]."[12]

    In his Motion, King argues that his claims are not substantially dependent upon the collective bargaining agreement, so removal pursuant to LMRA preemption was improper.[13] Specifically, King avers that "whether Defendants failed to follow the grievance policies [dictated by the collective bargaining agreement], or whether any violation of the [collective bargaining agreement] occurred is irrelevant" to the resolution of his claims and that "there is no dispute regarding the meaning of any provision of the [collective bargaining agreement]."[14]

---

[9]     *Id.* at ¶ 114.

[10]    *Id.* at ¶ 116.

[11]    *Id.* at ¶ 117 (emphasis added).

[12]    *Id.* at ¶ 141.

[13]    *See generally* Motion.

[14]    *Id.* at 8:8-28.

Because King's claims for relief are "substantially dependent upon" federal labor laws and the interpretation of a collective bargaining agreement, this Court possesses subject matter jurisdiction over this case, and remand is inappropriate. *See Burnside*, 491 F.3d at 1059–60.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that King's instant Motion to remand [ECF No. 16] is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 2, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE